**Sheryn Kautz FIETZER, Plaintiff,**

v.

**FORD MOTOR COMPANY, Defendant.**

Civ. A. No. 72–C–582.

United States District Court,
E. D. Wisconsin.

Aug. 21, 1978.

Peter S. Nelson, Appleton, Wis., for plaintiff.

Walter L. Merten, Milwaukee, Wis., for defendant.

## ORDER

REYNOLDS, Chief Judge.

Before the court are a number of motions filed subsequent to the entry of judgment in favor of the plaintiff and the filing of a notice of appeal by the defendant in this action. First, the plaintiff has moved the court to amend the judgment by adding thereto in accordance with this court's decision of November 21, 1977, D.C., 439 F.Supp. 1346, the plaintiff's medical and other expenses incurred by her. Second, the plaintiff has moved the court to cite the defendant for contempt of court for the defendant's failure to pay the fee of one of the plaintiff's expert witnesses as required by this court's order of October 25, 1977. Third, the defendant has moved the court to require the plaintiff to pay certain fees to the defendant's expert witnesses.

The Court grants the plaintiff's motion to amend the judgment. This motion was made pursuant to the decision and order dated November 21, 1977, of this court deciding on motions filed after verdict that the plaintiff was entitled to recover certain medical and other expenses incurred by her. The plaintiff seeks to have the sum of $33,-599.41 added to the judgment, and the defendant has not opposed the addition of this sum to the judgment. However, there is one problem in adding that amount to the judgment. The plaintiff did not inform the court of the correct amount to be added to the judgment until after a notice of appeal had been filed by the defendant and the case docketed for appeal. The appeal of the case is presently pending before the Seventh Circuit Court of Appeals. The question thus arises as to whether or not this court has jurisdiction to amend the judgment that is before the court of appeals by adding the amount of medical and other expense thereto.

As a general rule, once an appeal has been filed a district court loses jurisdiction to act in a case:

"The filing of a timely and sufficient notice of appeal has the effect of immediately transferring jurisdiction from the district court to the court of appeals with respect to any matters involved in the appeal. It divests the district court of authority to proceed further with respect to such matters, except in aid of the appeal * * *." 9 Moore's Federal Practice ¶ 203.11, at 734 (2d ed. 1975).

Nevertheless, in this case the Court finds that there is jurisdiction to amend the judgment by adding thereto the sum called for by the decision and order of this court made prior to the docketing of the appeal. The taking of an appeal does not absolutely preclude a district court from acting in a case:

"In general, the district court should have full authority to take any steps during the pendency of the appeal that will assist the court of appeals in the determination of the appeal. Restrictions on the power of the district court that are grounded in nothing more than the technical consideration that jurisdiction 'passes' from it upon the filing of the notice of appeal are impractical and unwise. * * *" 9 Moore's Federal Practice ¶ 203.11, at 734 n. 2 (2d ed. 1975).

Since this court had already ruled prior to the filing of the notice of appeal that plaintiff was entitled as a matter of law to recover her medical and other expenses, the present motion does no more than determine the specific amount of those medical and other expenses to be added to the judgment. Adding that amount to the judgment so that the correct amount of the judgment is before the court of appeals will serve to aid the appeal and assist the court of appeals to render a complete ruling. Therefore, this court has jurisdiction to amend the judgment, and the judgment is amended to add the sum of $33,599.41 thereto.

■ The second motion by the plaintiff seeks to have the defendant held in contempt for failure to pay a fee to one of the plaintiff's expert witnesses in the amount of $834.97. By a decision and order dated October 25, 1977, the Court directed the defendant to pay that amount, and the defendant has offered no explanation as to why it failed to comply with that order. Instead of explaining its recalcitrance, the defendant has submitted to the court a request that the plaintiff be ordered to pay certain fees. Apparently the defendant has refused to comply with this court's order so as to retain some leverage over the plaintiff for the collection of those other fees. However, such maneuvering by the defendant is no justification for its refusal to comply with this court's order. Therefore, the defendant is directed to pay within 10 days from the filing date of this order the amount of $834.97 to the plaintiff's expert, Easton and Associates, or the Court will consider the imposition of appropriate contempt sanctions. Unlike the question of amending the judgment in this case, requiring the defendant to comply with this court's earlier order does not raise any possibility of conflict with the jurisdiction of the appellate court since the matter of compliance with this court's earlier order is not involved in the appeal of this action, which means that this court retains authority to force the defendant to comply.

■ Lastly, the defendant has requested the Court to order the plaintiff to pay certain fees which the defendant alleges the plaintiff owes to the defendant's expert witnesses. For two reasons the Court declines to do so. First, the defendant has made no showing whatsoever that this Court has the authority to order the plaintiff to make such payments. Unlike the plaintiff's request above to have the defendant ordered to pay fees, this request by the defendant is not based upon any existing order by the court. The defendant has given the court no indication as to whether it is claiming that the plaintiff must pay the expert's fees as a matter of taxation of costs or it is claiming some other basis for entitlement to have the plaintiff pay the fees. There is, moreover, a problem as to whether or not this court may validly order the plaintiff to pay such fees, since this action is presently pending before the appellate court. See *G. & M. Inc. v. Newbern,* 488 F.2d 742, 746 (9th Cir. 1973). Second, the defendant has not substantiated the validity of the amounts which it desires the plaintiff to pay. For example, the plaintiff has repeatedly requested the defendant to furnish an itemized breakdown and justification for certain charges made by one of the experts, John Sheean of Packer Engineering. The defendant has not furnished an adequate breakdown and justification. Furthermore, as to the fee requested for Gilford Gorker, an employee of the defendant who served as an expert witness, the defendant has requested payment at a rate of $45 per hour, yet the defendant has refused to comply with the plaintiff's inquiry as to how that rate was arrived at and as to what the employee's usual rate of pay is. A number of other discrepancies also appear in the defendant's request for the payment of these fees. Therefore, the Court finds that the defendant's motion to have the plaintiff pay the fees must be denied.

IT IS THEREFORE ORDERED that the plaintiff's motion to amend the judgment by adding the amount of $33,599.41 thereto be and it hereby is granted, and the clerk of court is directed to amend the judgment accordingly and to transmit notice of the amendment to the Seventh Circuit Court of Appeals.

IT IS FURTHER ORDERED that the plaintiff's motion to have the defendant held in contempt be and it hereby is denied, but the defendant is ordered to pay the sum of $834.97 to Easton and Associates within ten days of the filing date of this order.

IT IS FURTHER ORDERED that the defendant's motion to strike the plaintiff's motion to have the defendant held in contempt and the defendant's motion to have the plaintiff ordered to pay certain fees be and they hereby are denied.